UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANDREA JONES, | ) | |
| Plaintiff, | ) | Case No. 2:13-cv-01862-RFB-NJK |
| vs. | ) | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner"). Currently pending before the Court is Plaintiff Andrea Jones' Motion for Reversal and/or Remand. Docket No. 25. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket Nos. 27, 28. This action was referred to the undersigned magistrate judge for a report of findings and recommendation pursuant to 28 U.S.C. 636(b)(1)(B)-(C) and Local Rule IB 1-4.

**II. STANDARDS**

A. Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the

1  judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript
2  of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social
3  Security, with or without remanding the cause for a rehearing." *Id.*

4  The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence.
5  *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the
6  Commissioner applied the proper legal standard and there is substantial evidence in the record as a
7  whole to support the decision. *See, e.g.*, *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The
8  Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance;
9  it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
10 *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's
11 findings are supported by substantial evidence, the Court reviews the administrative record as a whole,
12 weighing both the evidence that supports and the evidence that detracts from the Commissioner's
13 conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

14 Under the substantial evidence test, the Commissioner's findings must be upheld if supported
15 by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190,
16 1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court
17 must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).
18 Consequently, the issue before this Court is not whether the Commissioner could reasonably have
19 reached a different conclusion, but whether the final decision is supported by substantial evidence.

20 It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to
21 the basis of the findings when determining if the Commissioner's decision is supported by substantial
22 evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where
23 appropriate, should include a statement of subordinate factual foundations on which the ultimate factual
24 conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g.*, *Gonzalez*
25 *v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

26     B.    Disability Evaluation Process

27 The individual seeking disability benefits bears the initial burden of proving disability. *Roberts*
28 *v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate "he

is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 416.914. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

1    The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**III.    BACKGROUND**

A.    Relevant Procedural History

On November 17, 2008, Plaintiff filed an application for supplemental security income alleging that she became disabled on March 1, 2008. *See, e.g.*, Administrative Record ("AR") 100-05. That claim was denied initially on June 1, 2009, and upon reconsideration on March 16, 2010. AR 60-63, 65-67. On April 2, 2010, Plaintiff filed a request for a hearing before an ALJ to review that denial. AR 68. On May 13, 2011, Plaintiff, represented by her attorney, appeared before ALJ Michael Kennett, and testified on her own behalf. *See* AR 38-57. On October 27, 2011, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled under the Social Security Act. AR 21-37. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on August 21, 2013. AR 1-7.

On October 11, 2013, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Docket No. 1. Plaintiff filed an application for leave to appear *in forma pauperis*, which the Court granted. Docket No. 5.

B.    The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920, and issued an unfavorable decision on October 27, 2011. AR 21-37. At step one, the ALJ found that Plaintiff has never engaged in SGA. AR 26. At step two, the ALJ found that Plaintiff has the following severe impairments: "cervical disc disease status post anterior cervical discectomy, corpectomy, and fusion at C5-C6; status post spinal cord simulator insertion in the thoracic area; chronic lumbar pain;

right shoulder pain of recent onset; bilateral hip pain; bilateral knee pain; and hypertension." *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). *Id.*

The ALJ found that Plaintiff has the residual functional capacity to perform the full range of sedentary work as defined by 20 C.F.R. 416.967(a). AR 27-32. At step four, the ALJ found Plaintiff had no PRW. AR 32. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. AR 33. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-44, with at least a high school education, able to communicate in English, and found that the transferability of job skills is not material to the determination of disability. AR 37. The ALJ considered Medical Vocational Rule 202.27, which provides a framework for finding Plaintiff not disabled. AR 33. Based on all of these findings, the ALJ found Plaintiff not disabled and denied her application for supplemental security income. AR 33.

**IV.   ANALYSIS AND FINDINGS**

Plaintiff seeks reversal and/or remand of the ALJ's decision on the ground that the ALJ improperly rejected the medical opinions of Dr. Richard Cestkowski, and simply substituted his own lay medical opinion in its place. Docket No. 25 at 4-6. Plaintiff also challenges the ALJ's credibility assessment. Docket No. 25 at 7. The Court addresses each issue below in turn.

A.   Dr. Cestkowski's Assessed Limitations

The primary dispute on appeal is whether the ALJ afforded Dr. Cestkowski's opinion – a conclusory check on a boilerplate form – proper weight. Plaintiff asserts that the ALJ improperly rejected Dr. Cestkowski's medical opinions regarding Plaintiff's sitting, standing, reaching, and walking limitations ("SSRW Limitations") as unsupported. Docket No. 25 at 5. *See* AR 31 (finding that "Dr. Cestkowski provide[d] no reason in his report for [the SSRW Limitations.]"). The Commissioner counters that "while the ALJ afforded Dr. Cestkowski's opinions significant weight as a whole, he appropriately discounted [the SSRW Limitations] as unsupported, contradicted, and internally inconsistent with the evidentiary record . . . ." Docket No. 27 at 4.

6

The Ninth Circuit faced this issue in *Burkhart v. Bowen*, 856 F.2d 1335 (9th Cir. 1988). In that case, the treating physician "provided nothing more than a statement of his unsupported opinion." *Id*. at 1339. "There was no description – either objective or subjective – of medical findings, personal observations, or test reports upon which [the physician] could have arrived at his conclusion." The *Burkhart* court held that the ALJ did not error in rejecting the physician's opinion. *Id*. at 1340.

Like in *Burkhart*, Dr. Cestkowski provided nothing more than a statement of his unsupported opinion. He made a series of checks on a boilerplate form, the Medical Source Statement ("MSS"), indicating that Plaintiff could only sit for four hours during an eight-hour work day. AR 375. Under that section of the MSS, there is a space for the examiner to "[i]dentify the particular medical findings . . . which support your assessment or any limitations and why the findings support the assessment." *Id*. There, Dr. Cestkowski wrote a note referring the reader to his July 6, 2011 report. *Id.* Dr. Cestkowski's report; however, only addresses his MSS opinions cumulatively, and in one sentence. It reads: "[t]he limitations outlined are based on history, physical examination, review of medical records, and clinical experience." AR 384. Dr. Cestkowski's report does not explain what particular medical information he used in arriving at his conclusions regarding Plaintiff's SSRW Limitations. The Court therefore finds no error in the ALJ's treatment of Dr. Cestkowski's SSRW Limitations. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Moreover, Plaintiff argues that the ALJ solely rejected Dr. Cestkowski's SSRW Limitations because they were unsupported. *See* Docket No. 25 at 5 (arguing that the ALJ rejected Dr. Cestkowski's opinion "stating only that Dr. Cestkowski provided no reason for [the SSRW Limitations.]"). However, the ALJ clearly found that Dr. Cestkowski's SSRW Limitations were inconsistent with the record – namely, the assessments of Dr. Jerrod Sherman, a examining doctor, and Dr. George Nickles, a non-examining consultant. AR 31 (finding that, except for his SSRW Limitations, "the remainder of Dr. Cestkowski's opinion is consistent with the objective medical evidence."). The Court finds that the ALJ did not error in resolving this conflict. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("When there is conflicting medical evidence, the [ALJ] must . . . resolve the conflict.").

7

B.     Credibility Assessment

Plaintiff seeks reversal and/or remand of the ALJ's decision on the ground that the ALJ failed to properly evaluate Plaintiff's symptoms in his credibility assessment. The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and, (2) if the individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than she claims. *See id.* at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

Plaintiff contends that the ALJ did not provide clear and convincing reasons for rejecting her testimony regarding her subjective limitations. Docket No. 25 at 7. In particular, Plaintiff argues that the "ALJ did not cite to any evidence of . . . malingering or cite to daily activities that are inconsistent with the alleged limitations." *Id.* The Commissioner counters that the ALJ provided valid and sufficient bases for finding Plaintiff not fully credible in accordance with SSR 96-7. To be precise, the Commissioner asserts that the ALJ properly considered Plaintiff's inconsistent behaviors, lack of work history, and daily activities. Docket No. 27 at 6-7. In short, the Commissioner argues that the ALJ properly evaluated Plaintiff's credibility. *Id.*

Despite Plaintiff's allegation to the contrary, the ALJ provided clear and convincing reasons for finding Plaintiff not fully credible. AR 31-32. First, the ALJ noted that Plaintiff engaged in behaviors inconsistent with her alleged disability. AR 31. For example, the ALJ noted that, although Plaintiff complained of bilateral hand pain, she testified that "she does dishes by hand . . . and paint[s] on canvas." *Id.* This finding is supported by the record. *See, e.g.*, AR 47-49 (Plaintiff testifying that she

1  washes her dishes without using a dishwasher, and paints abstract art on canvas). Moreover, it is proper
2  for an ALJ to "consider inconsistencies . . . between claimant's testimony and the claimant's conduct."
3  *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

4  Second, the ALJ found that Plaintiff's poor work history undermined her credibility. AR 32
5  (finding the fact that Plaintiff "worked only sporadically" prior to her alleged disability "raises a
6  question as to whether [Plaintiff's] continuing unemployment is actually due to medical impairments.")
7  Again, this finding is supported by the record. *See* AR 107 (showing that Plaintiff has never engaged
8  in SGA). Furthermore, it is proper for the ALJ to consider poor prior work history as a fact in making
9  a credibility determination. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (finding that the
10 ALJ did not err by considering Plaintiff's extremely poor work history in making credibility
11 determination).

12 Third, the ALJ found that Plaintiff had successful medical treatment, which further undermined
13 Plaintiff's assertions of disabling pain and disability. AR 31. The record supports this finding. AR 54-
14 55 (Plaintiff testifying that she required no further surgeries and that her neurotransmitter and physical
15 therapy helped control her pain). The ALJ did not err in concluding that the success of Plaintiff's
16 treatment undermined her contentions that she was disabled. *See Morgan v. Comm'r of Soc. Sec.*
17 *Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (noting that successful treatment undermined Plaintiff's
18 claims of disability).

19 Fourth, the ALJ found that Plaintiff's daily activities like cooking, cleaning, caring for her
20 daughter, doing the laundry, and surfing the Internet undermined her complaints of disability. AR 31.
21 The Plaintiff's own testimony supports this finding. AR 46-56. Plaintiff argues that the ALJ erred by
22 considering her child care activities inconsistent with her disability. Docket No. 25 at 7-8. Citing
23 *Gentle v. Barnhart*, 430 F.3d 865 (7th Cir. 2005), Plaintiff contends that her daily care for her daughter
24 should not be equated to work in the labor market, as one will engage in heroic efforts to care for her
25 children. *Id*. Plaintiff's reliance on *Gentle* is misplaced because, although it provides some support for
26 Plaintiff's argument, it is not in harmony with the Ninth Circuit's jurisprudence. *See Rollins v.*
27 *Massanari,* 261 F.3d 853, 857 (9th Cir. 2001) (finding that the ALJ properly rejected a claimant's
28 testimony regarding her pain from fibromyalgia where that testimony "was undermined by her own

testimony about her daily activities, such as attending to the needs of her two young children, cooking, housekeeping, laundry, shopping, attending therapy and various other meetings every week."); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (noting that a Plaintiff's "ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child served as evidence of [his] ability to work. If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations"). Additionally, Plaintiff's argument fails to address the numerous other daily activities that are inconsistent with her alleged disability. The ALJ thus did not err in considering whether Plaintiff's daily activities belied her claims of extreme disability. *See Thomas*, 278 F.3d at 959.

Despite Plaintiff's allegation to the contrary, the ALJ provided clear and convincing reasons for finding her not fully credible. The Court finds that, while Plaintiff may not agree with the ALJ's interpretation of the record, the facts relied upon by the ALJ are supported by the record. Moreover, Ninth Circuit authority confirms that the factors considered by the ALJ were proper and that the ALJ could make an adverse credibility finding based on those factors taken collectively. As a result, the Court finds the ALJ's credibility finding is supported by substantial evidence.

### IV.     CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ did not commit legal error.

//
//
//
//

//

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 25) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 27) be **GRANTED**.

IT IS SO ORDERED.

DATED: September 24, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).